GORDON & HAFFNER, LLP
Steven R. Haffner
480 Mamaroneck Avenue
Harrison, New York 10528
Phone: (718) 631-5678
Email:  haffner.steven@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AVRAHAM YEHUDA,                                     :
                                                    :          21 Civ. ~~_____~~ 07092 (VEC)
            Plaintiff,                              :
                                                    :          **AMENDED COMPLAINT**
  -against-                                         :
                                                    :          **JURY TRIAL DEMANDED**
MOSHE ZUCHAER, ~~_____~~ ZUCHAER & ZUCHAER     :
_____      :
_____ ~~Defendant.~~ CONSULTING INC.; and ZUCHAER &        _____
            :
CONSULTING LLC,                                     :
_____              :
_____        Defendants.                   :
-------------------------------------------------------------x

Plaintiff Avraham Yehuda ("Plaintiff" or "Yehuda"), for his Complaint against ~~Defendant~~ Defendants Moshe Zuchaer ("Zuchaer"), Zuchaer & Zuchaer Consulting Inc. ("Z&Z Inc."), and Zuchaer & Zuchaer Consulting LLC ("Z&Z LLC"), states as follows:

### SUMMARY AND NATURE OF THE ACTION

1.\_\_\_\_\_Yehuda and Zuchaer ~~formed a~~ agreed in or about March 2009 to form a New York joint venture to develop and to sell two parcels of Texas commercial ~~Texas~~ real estate (the "Properties"), titled in the name of Zuchaer's company, Flowerdale LLC ("Flowerdale"), ~~with~~ through Z&Z Inc., then a corporation owned by Zuchaer.

1.2.	Yehuda and Zuchaer further agreed that the profits toof their joint venture would be divided and distributed between them, thirty-three (33%) percent to Yehuda and sixty-seven (67%) percent to Zuchaer.

3.	In violationfurtherance of the parties'Yehuda-Zuchaer joint venture agreement, Zuchaer, by "Control Agreement", dated March 20, 2009, transferred to Yehuda "33% of all stock, common or otherwise," of Z&Z Inc.

4.	Reflecting the parties' understanding and intention theirs was to be a New York joint venture, the Control Agreement, in pertinent part, expressly provided that "[t]his Agreement shall at all times be construed under and governed by the laws of the State of New York, without regard to its conflict of laws provisions." A true and correct copy of the March 20, 2009 Control Agreement is attached as **Exhibit A**. sold Flowerdale and, with it,

5.	Because the Properties, without Yehuda's knowledge.  Despite demand from Yehuda made were titled in Flowerdale, the joint venture agreement required Zuchaer, and Zuchaer promised, to convey them to Z&Z Inc. However, Yehuda recently learned from a buyer of the Properties that, instead of transferring the Properties into Z&Z Inc., as he had warranted, Zuchaer left title in Flowerdale and then transferred Flowerdale to the similarly named Z&Z LLC, which subsequently sold the Properties to the buyer.

6.	Notably, Z&Z LLC was organized on or about April 15, 2009, just a little more than a month after hisZuchaer transferred 33% of the stock of the almost identically named, Z&Z Inc., to Yehuda.

2.7.	After discovery of the sale, ZuchaerZ&Z LLC's sale of the Properties, Yehuda made written demand on Zuchaer for a verified accounting of their venture. However, Zuchaer has failed to account forprovide the Flowerdale sale,demanded accounting and has failed to distribute

2

~~any~~to Yehuda his share of the profits ~~to Yehuda and, to date, continues to refuse to do so.~~of the sale.

~~3.~~8.  Yehuda now sues Zuchaer for an equitable accounting, including a verified statement of account of his dealings with Flowerdale and the Properties during the period March 1, 2009 to the date of the accounting. Zuchaer further asks that the Court adjudicate any objections he may assert to the accounting, adjust the parties' capital accounts, and enter final judgment in Yehuda's favor in an amount (subject to adjustments) equal to thirty-three (33%) percent of ~~Zuchaer's~~all unauthorized or unmatched distributions from the sale of Flowerdale and the Properties to Zuchaer, or to any nominee or assignee, whether received or taken ~~by Zuchaer~~ in cash or in other property, rights or things of value.

9.  Yehuda also herein sues: (1) Zuchaer for common law fraud; (2) Z&Z Inc. and Z&Z LLC for aiding and abetting fraud by providing substantial assistance to Zuchaer's commission of the fraud described herein; (3) Zuchaer and Z&Z LLC for constructive trust and fraudulent conveyance; and (4) Zuchaer as the alter ego of Z&Z Inc. and Z&Z LLC.

## THE PARTIES

~~4.~~10.  Plaintiff Avraham Yehuda is an individual and citizen of the State of Israel.

~~5.~~11.  Moshe Zuchaer is an individual and citizen of the State of Florida.

12.  Zuchaer & Zuchaer Consulting Inc. is a corporation organized under the laws of the State of Florida, with a principal place of business in Florida.

13.  Zuchaer & Zuchaer Consulting LLC is a Florida limited liability company, of which Zuchaer is its sole member.

## JURISDICTION AND VENUE

~~6.~~14.  This Court has subject matter jurisdiction over case pursuant to 28 U.S.C. § 1332(a), (a)(2) because this matter is between citizens of a State and of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

~~7.~~15.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### FACTS APPLICABLE TO RELIEF REQUESTED

~~8.~~16.  TJ Management Group, LLC ("TJ"), a New York limited liability company co-owned by Yehuda's spouse Sigalit Yehuda and Jossef Kahlon, owned Flowerdale until in or about March 2009, at which time TJ sold Zuchaer a sixty-seven (67%) percent interest in Flowerdale ~~and~~(owner of the Properties) for approximately $200,000.00.

~~9.~~17.  Because the fair market value of the Properties at the time of sale exceeded the purchase price, TJ and Zuchaer agreed that Yehuda would retain a thirty-three (33%) percent interest in Flowerdale and the Properties.

~~10.~~18.  Zuchaer and Yehuda further agreed ~~they would~~to form, and in fact formed, a New York joint venture for the sale and the development of the Properties, to which Zuchaer would contribute all funds required for their development and sale, with profits to be distributed to Zuchaer and Yehuda in respective shares of 67% and 33%.

~~11.~~19.  In furtherance of the parties' agreement that Yehuda would receive thirty-three (33%) percent of the profits of their venture, Zuchaer promised to transfer the Flowerdale Properties ~~into~~to his~~,~~ then wholly owned corporation, ~~Zuchaer and Zuchaer Consulting, Inc.~~ ~~("Z&Z Inc.");~~, and to ~~give~~transfer to Yehuda thirty-three (33%) percent of its shares.

~~12.~~20.  In fact, by "Control Agreement", dated March 20, 2009, Zuchaer transferred to Yehuda, "33% of all stock, common or otherwise" of Z&Z Inc. (Exhibit A). Reflecting the parties' understanding and intention theirs was to be a New York joint venture, the Control Agreement

4

expressly provided, in pertinent part, that "[t]his Agreement shall at all times be construed under and governed by the laws of the State of New York, without regard to its conflict of laws provisions." ~~A true and correct copy of the March 20, 2009 Control Agreement is attached as Exhibit A.~~

<del>13.</del><ins>21.</ins>   However, just over a year before the date hereof, Yehuda learned an entity named "Zuchaer & Zuchaer Consulting LLC <del>("</del><ins>(previously defined</ins> "Z&Z LLC") sold the Properties to <del>an entity</del><ins>a corporation</ins> named Project Verte, Inc. ("<del>Project Verte"</del><ins>PV"),</ins> by <del>assigning</del><ins>assignment</ins> to <del>that corporation</del><ins>PV</ins> of all of the membership interest in Flowerdale.

<del>14.</del><ins>22.</ins>   Rather than transferring the Properties into Z&Z Inc., as he had warranted, Zuchaer had evidently left title to the Properties in Flowerdale and <ins>then</ins> transferred Flowerdale to Z&Z LLC, <del>Project Verte's</del><ins>PV's</ins> seller.

<del>15.</del><ins>23.</ins>   Notably, Z&Z LLC was organized on or about April 15, 2009, just a little more than a month after Zuchaer transferred 33% of Z&Z <del>Inc's</del><ins>Inc.'s</ins> stock to Yehuda.

<del>16.</del><ins>24.</ins>   <del>On information and belief, Project Verte</del><ins>By PV's purchase money promissory note in the amount of $4,000,000.00 (the "Purchase Money Note"), PV</ins> paid Z&Z LLC $4,000.000.00 for Flowerdale and the Properties, <ins>on information and belief,</ins> yielding <ins>Z&Z LLC and</ins> Zuchaer a substantial profit.

<del>17.   Yet Zuchaer has failed to distribute to Yehuda any of those profits or to account to him regarding the Project Verte transaction.</del>

<ins>25.</ins>   Upon PV's refusal to make payment under the Purchase Money Note, Z&Z LLC commenced a case against it in the Southern District of New York, entitled *Zuchaer & Zuchaer*

5

*Consulting LLC* v. Project Verte, Case No. 20-cv-8703 ("Z&Z LLC SDNY Action), which case is still pending.

26.     On information and belief, Z&Z LLC has no intention of accounting to Yehuda or distributing to him any sums recovered in the Z&Z LLC SDNY Action.

**FIRST CLAIM FOR RELIEF**

(Equitable Accounting by Zuchaer Under New York State Law)

~~18.~~27.   Plaintiff repeats and realleges paragraphs 1 through ~~17~~26 as if fully set forth herein.

~~19.~~28.   As joint venturers, Yehuda and Zuchaer were and remain in a confidential or fiduciary relationship, each owing the other duties of loyalty, confidentiality and trust respecting all matters involving or affecting their venture and its assets, including the Properties.

~~20.~~29.   At all relevant times, Yehuda entrusted the Properties to Zuchaer to manage and develop for their mutual benefit.

~~21.~~30.   Zuchaer's sale, through Z&Z LLC, of Flowerdale and the Properties to ~~Project Verte, Inc.~~PV obligated him to account to Yehuda for the transaction and the Properties, and to distribute to Yehuda his promised 33% share of the profits.

~~22.~~31.   Despite written demand, Zuchaer has refused to account to Yehuda for the sale of Flowerdale and the Properties to ~~Project Verte~~PV, for other proceeds Zuchaer received from the Properties, and for other assets of the parties' joint venture.

~~23.~~32.   Yehuda has no adequate remedy at law.

~~24.~~33.   By reason of the foregoing, Yehuda is entitled to a verified accounting from Zuchaer, to include a Zuchaer's verified written statement of account of his dealings respecting Flowerdale and the Properties since their acquisition, including, but not limited to: (1) all rents, income, revenue or other receipts ~~of the Properties~~, received or accrued; (2) expenses paid or incurred; and~~,~~ (3) distributions, dividends, salary, compensation, and any other monies or benefits

[Margin note: **Formatted:** Font: Bold, Underline]

taken or received by Zuchaer (or by his nominee or assignee, or anyone else at his direction). Further, following such accounting, Yehuda is entitled to an order adjudicating his objections thereto, and adjusting the parties' capital accounts, and to entry of a final judgment thereon in his favor for 33% of the amount (subject to adjustments) of ~~Zuchaer's~~the unauthorized or unmatched distributions, ~~receipts of~~ to Zuchaer (or to his nominee or assignee, or anyone else at his direction), whether in money, property, rights, other assets ~~and~~or other things of value, whether received or accrued ~~by Zuchaer, whether,~~ directly or indirectly.

### SECOND CLAIM FOR RELIEF
(Against Zuchaer for Common Law Fraud)

34. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

35. When Zuchaer entered into the sale agreement with TJ and joint venture agreement with Yehuda, he intended not to fulfill any of the promises and warranties he made therein, including his promises and warranties that he would cause Flowerdale to convey the Properties to Z&Z Inc., 33% of the stock of which he contemporaneously transferred to Yehuda, and his promises and warranties that Yehuda would receive 33% of the profits of the development and sale of the Properties.

36. The foregoing promises and warranties were material to Yehuda's reasonable expectations of profits from his joint venture with Zuchaer. In their absence, Yehuda's spouse would not have allowed TJ to sell a 67% interest in Flowerdale (owner of the Properties) to Zuchaer.

37. In causing TJ to transfer 67% of Flowerdale to Zuchaer, Yehuda reasonably and justifiably relied on said promises and warranties from Zuchaer.

38. Said promises and representations were false at the time they were made and thereafter.

39. Yehuda was damaged by Zuchaer's fraud in an amount to be determined by the trier of fact.

40. By reason of the foregoing, Zuchaer is liable to Yehuda for fraud in an amount to be determined at trial, together with an award of attorneys' fees.

**THIRD CLAIM FOR RELIEF**

(Against Z&Z Inc. and Z&Z LLC for Aiding and Abetting Fraud)

41. Plaintiff repeats and realleges paragraphs 1 through 26, and 34 through 40, as if fully set forth herein.

42. For the purpose of facilitating the alleged fraud perpetrated by Zuchaer against Yehuda, Z&Z Inc. and Z&Z LLC each provided substantial assistance to Zuchaer in its commission.

43. Z&Z Inc. and Z&Z LLC, at all relevant times, were and are commonly owned and controlled by Zuchaer. Therefore, Zuchaer's knowledge of the fraudulent scheme is imputed to both entities.

44. In particular, Z&Z Inc. substantially assisted in the commission of the fraud by issuing one-third of its shares to Yehuda when Zuchaer, and imputedly Z&Z Inc., knew he was relying on Zuchaer's false representations that the Properties were being conveyed from Flowerdale to Z&Z Inc.

45. Further, both Z&Z Inc. and Z&Z LLC intended that Yehuda would be misled by their almost identical names, calculated to conceal Zuchaer's fraud.

46. The substantial assistance provided by Z&Z Inc. and by Z&Z LLC were material to the success of the Zuchaer's fraud.

47. By reason of the foregoing, Z&Z Inc. and Z&Z LLC are liable to Yehuda for aiding and abetting fraud in an amount to be determined at trial, together with an award of attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

(Against Zuchaer as Z&Z Inc.'s and Z&Z LLC's Alter Ego)

48. Plaintiff repeats and realleges paragraphs 1 through 26 and 34 through 47 as if fully set forth herein.

49. At all times relevant to this action, Zuchaer exercised complete control over Z&Z Inc. and Z&Z LLC.

50. Upon information and belief, Zuchaer owned 100% of the stock of Z&Z Inc. at the time he caused 33% of said stock to be transferred to Yehuda.

51. Upon information and belief, at all times relevant to this action, Zuchaer owned 100% of the membership interest of Z&Z LLC.

52. At all times relevant to this action, Zuchaer so dominated Z&Z Inc. as to deprive it of any existence separate and apart from, and independent of, his own.

53. At all times relevant to this action, Zuchaer so dominated Z&Z LLC as to deprive it of any existence separate and apart from, and independent of, his own.

54. As described herein, Zuchaer used Z&Z Inc. to defraud Yehuda.

55. As described herein, Zuchaer used Z&Z LLC to defraud Yehuda.

56. By reason of the foregoing Zuchaer is liable to Yehuda for fraud and aiding and abetting fraud as the alter ego of Z&Z Inc. and Z&Z LLC in an amount to be determined at trial together with an award of attorneys' fees

**FIFTH CLAIM FOR RELIEF**

(Against Z&Z LLC for Breach of Constructive Trust)

57. Plaintiff repeats and realleges paragraphs 1 through 26, 34 through 47 as if fully set forth herein.

58. As Zuchaer's alter ego, Z&Z LLC was in a fiduciary relationship with Yehuda

59. Zuchaer promised Yehuda he would cause Flowerdale to transfer the Properties to Z&Z Inc., in which Zuchaer and Yehuda were two-thirds and one-third shareholders, respectively.

60. In reliance on Zuchaer's promise, Yehuda's spouse Sigalit and Yehuda acquiesced in TJ Management's sale and transfer of its interest in Flowerdale, and with it the Properties, to Zuchaer

61. Z&Z LLC and Zuchaer would be unjustly enriched were either allowed to recover on the Purchase Money Promissory Note or otherwise receive the profits from the sale of Flowerdale or the Properties, without first accounting for and distributing to Yehuda his one-third interest.

62. By reason of the foregoing, Z&Z LLC is liable to Yehuda for breach of constructive trust, in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
(Against Zuchaer and Z&Z LLC under NY DCL §§ 276 and 276-a)

63. Plaintiff repeats and realleges paragraphs 1 through 26 and 34 through 47 as if fully set forth herein.

64. Zuchaer's conveyance of the Properties (by transfer to Z&Z LLC of the membership interests in Flowerdale) was made with the actual intent to hinder, delay or defraud present and future creditors, including Yehuda

65. All of the following are badges of fraud, probative of the frauds committed by Zuchaer and the other defendants, as alleged herein: (i) Zuchaer's formation of Z&Z LLC within a month of the effective date of the Z&Z Inc. Control Agreement; (ii) the similarity of the names of Z&Z Inc. and Z&Z LLC; (iii) Zuchaer's ownership and control of both entities; and, (iv) Zuchaer never having caused title to the Properties, ownership of Flowerdale, or any other assets to be transferred to Z&Z Inc. at any time during its existence.

66. By reason of the foregoing, Zuchaer and Z&Z LLC, as fraudulent transferee of the Properties with knowledge, are jointly and severally liable to Yehuda for actual fraud under DCL § 276, in an amount to be determined at trial, together with an award of attorneys' fees under DCL § 276-a.

WHEREFORE, Plaintiff demands judgment against ~~Defendant directing him to account to him respecting Flowerdale and the Properties and awarding him~~ Defendants:

(i) On the first claim for relief, against Zuchaer for a verified accounting;

(ii) On the second claim for relief, against Zuchaer in an amount to be determined by the trier, together with an award of attorneys' fees;

(iii) On the third claim for relief, against Z&Z LLC and Z&Z Inc. in an amount to be determined by the trier, together with an award of attorneys' fees;

(iv) On the fourth claim for relief, against Z&Z LLC and Z&Z Inc., jointly and severally, in an amount to be determined by the trier, together with an award of attorneys' fees;

(v) On the fifth claim for relief, against Zuchaer, in an amount to be determined by the trier, together with an award of attorneys' fees;

(vi) On the sixth claim for relief, against Zuchaer and Z&Z LLC, in an amount to be determined by the trier, together with an award of attorneys' fees; and,

(vii) Granting Plaintiff as against all defendants ~~Plaintiffs~~ costs and disbursements of this action, along with such other and further relief as may be ~~just and proper, together with interest and his costs and disbursements of this action~~ appropriate.

Dated: ~~August 10~~ December 9, 2021

                                 **GORDON & HAFFNER, LLP**
                                 *Attorneys for Plaintiff*

                           By: /s/ *Steven R. Haffner*
                               Steven R. Haffner, Esq.
                               480 Mamaroneck Avenue
                               Harrison, New York 10528
                               (718) 631-5678
                               haffner.steven@gmail.com