UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

AVRAHAM YEHUDA,                                         :
                                                       :
                                      Plaintiff,       :
                                                       :
                 -against-                             :
                                                       :
                                                       :
MOSHE ZUCHAER, ZUCHAER & ZUCHAER                       :
CONSULTING INC., ZUCHAER & ZUCHAER                     :
CONSULTING LLC.,                                       :
                                                       :
                                      Defendants.      :
------------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED:___6/21/22___ |

21-CV-7092 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

Avraham Yehuda sued Moshe Zuchaer, Zuchaer & Zuchaer Consulting Inc. ("Z&Z

Inc."), and Zuchaer & Zuchaer Consulting LLC ("Z&Z LLC") for equitable accounting,

common-law fraud, and a number of other claims, alleging that Zuchaer failed to abide by a

purported agreement to share profits from the development of two commercial real estate

properties in Texas (the "Texas Properties").  Am. Compl., Dkt. 15 ¶¶ 1–3; Control Agreement,

Dkt. 15-1 at 2.  Defendants moved to dismiss for lack of personal jurisdiction pursuant to Rule

12(b)(2) of the Federal Rules of Civil Procedure.  Notice of Mot., Dkt. 21.  Because the Court

does not have personal jurisdiction over Zuchaer, Z&Z Inc., or Z&Z LLC, the motion is

GRANTED.

## BACKGROUND[1]

Yehuda, a citizen of Israel, claims that in March 2009 he entered into an agreement (the

"Control Agreement") with Zuchaer, a citizen of Florida, to develop and sell the Texas

Properties and to divide profits from the venture, with 33% of the profits going to Yehuda and

67% going to Zuchaer.  Am. Compl. ¶¶ 1–3; Control Agreement at 2.  Yehuda alleges that

---

[1]     For the purpose of the motion to dismiss, the Court accepts Plaintiff's factual allegations as true.

Zuchaer promised to transfer the Texas Properties to Z&Z Inc., his wholly-owned corporation, and then to transfer 33% of the shares of Z&Z Inc. to Yehuda.  Am. Compl. ¶ 19.  Yehuda claims that although Zuchaer transferred him 33% of the shares of Z&Z Inc., instead of transferring the Texas Properties to Z&Z Inc. as promised, Zuchaer transferred the Texas Properties to Z&Z LLC, a company wholly owned by Zuchaer.  *Id.* ¶¶ 6, 12–22, 51.  Yehuda alleges that Z&Z LLC was incorporated without his knowledge in April 2009, "a little more than a month" after the Z&Z Inc. stock transfer.  *Id.* ¶ 23.  Yehuda argues that the transfer of the Texas Properties to Z&Z LLC constitutes a violation of the Control Agreement.  *Id.* ¶¶ 8–9.

In August 2018, Z&Z LLC sold the Texas Properties to Project Verte ("PV"), a corporation, in exchange for a promissory note in the amount of $4,000,000.  *Id.* ¶¶ 5, 21, 22.  After PV allegedly refused to pay as required under the promissory note, Z&Z LLC sued PV; that lawsuit was brought in the Southern District of New York as required by the forum selection clause in the promissory note.  *Id.* ¶ 25.  That action is currently pending before the Honorable Judge Victor Marrero.  *See Zuchaer & Zuchaer Consulting LLC v. Project Verte*, No. 20-CV-8703 (the "PV Action").

In this lawsuit, Yehuda brings claims against: (a) Zuchaer for equitable accounting (including a verified statement of activities involving the Texas Properties); (b) Zuchaer for common law fraud; (c) Z&Z Inc. and Z&Z LLC for aiding and abetting fraud; and (d) Zuchaer and Z&Z LLC for constructive trust and fraudulent conveyance.  Am Compl. ¶¶ 8–9.  Yehuda further alleges that Zuchaer is liable personally as the alter ego of Z&Z Inc. and Z&Z LLC.  *Id.*  Defendants moved to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.  Notice of Mot., Dkt. 21.  Yehuda opposed the motion.  Resp., Dkt. 27.

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing personal jurisdiction over the defendant." *MacDermid, Inc. v. Deiter*, 702 F.2d 725, 727 (2d Cir. 2012) (internal quotation omitted).  When the motion to dismiss is decided on the basis of the pleadings (rather than on the basis of an evidentiary hearing), the plaintiff need make only a *prima facie* showing that jurisdiction exists.  *Porina v. Marward Shipping Co.*, 521 F.2d 122, 126 (2d Cir. 2008).  While the Court construes the jurisdictional allegations in the light most favorable to the plaintiff, *see I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993), the Court need not accept either party's legal conclusions as true, nor will it draw "argumentative inferences" in either party's favor, *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (citation omitted).

Personal jurisdiction over a non-resident defendant is governed by the law of the state in which the federal court sits and by the limits of due process.  *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).  Accordingly, the Court must engage in a "two-part analysis."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  The Court first looks to the long-arm statute of New York, the forum state.  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  If the exercise of jurisdiction is appropriate under New York's long-arm statute, the Court must then decide whether such an exercise comports with due process; a state may authorize personal jurisdiction over an out-of-state defendant only if "the defendant has certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (cleaned up).

Personal jurisdiction may be either general or specific.  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).  General, or "all-purpose," jurisdiction allows a court to

adjudicate any cause of action against the defendant, regardless of where it arose.  *Id.*  Specific jurisdiction, on the other hand, "is available when the cause of action sued upon arises out of the defendant's activities in a state."  *Id.*; *see also Helicopteros Nacionales de Colombia*, *S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

## DISCUSSION

To determine whether Defendants are subject to specific jurisdiction in New York,[2] the Court must first consider whether jurisdiction is proper under New York's long-arm statute. Yehuda contends that New York has long-arm jurisdiction pursuant to C.P.L.R. § 302(a)(1).  *See* Resp. at 7.  Pursuant to C.P.L.R. § 302(a)(1), a court may exercise specific jurisdiction over a non-domiciliary who "in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity."  *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)).[3]

With respect to the "transacting business" part of the analysis, courts look to "the totality of the defendant's activities within the forum."  *Sterling Nat'l Bank & Tr. Co. of N.Y. v. Fidelity Mortg. Invs.*, 510 F.2d 870, 873 (2d Cir. 1975) (citations omitted).  Section 302(a)(1) is a "single act statute," which means that "proof of one transaction in New York is sufficient to invoke jurisdiction."  *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006) (cleaned

---

[2]      Plaintiff does not contend that Defendants are subject to general jurisdiction in New York.

[3]      C.P.L.R. § 302(a)(1) is the only provision of New York's long arm statute that is relevant here.  Yehuda contends neither that Zuchaer committed tortious acts in New York (C.P.L.R. § 302(a)(2–3)) nor that he owns property in New York (C.P.L.R. § 302(a)(4)).  *See* Resp., Dkt. 21-2 at 4.

up).  The primary consideration is not the quantity but the quality of the contacts with New

York.  *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007).  As for the second requirement, that the

asserted claims must arise from defendants' transaction of business in the state, the plaintiff must

allege "an articulable nexus, or a substantial relationship, between the claim asserted and the

actions that occurred in New York."  *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir.

1998) (cleaned up).

Yehuda has not adequately pled that Defendants conduct business in New York in order

for the Court to exercise jurisdiction pursuant to C.P.L.R. § 302(a)(1).  Yehuda does not allege

that Zuchaer, Z&Z Inc., or Z&Z LLC conduct any business in New York, own real estate or

assets in New York, or have designated an agent to accept service of process in New York.

Yehuda instead argues that the Court has personal jurisdiction over Zuchaer and Z&Z LLC

because Z&Z LLC sued PV for breach of contract in the Southern District of New York (the "PV

Action").[4]  *See* Resp., Dkt. 27 at 2.[5]  Yehuda argues that the initiation of that lawsuit establishes

jurisdiction over Z&Z LLC, *id.* at 10, and over Zuchaer as its "owner and beneficiary," *id.* at 13.[6]

---

[4]     A second possible basis for exercising personal jurisdiction — although not expressly invoked by Yehuda
— is the New York choice-of-law provision in the Control Agreement between Yehuda and Z&Z Inc.  *See* Control
Agreement ¶ 3.1.  But even had Yehuda argued that the provision was a basis for personal jurisdiction over the
Defendants, a "choice-of-law clause is a significant, but not dispositive, factor."  *Agency Rent A Car Sys, Inc. v.
Grant Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996) (citations omitted).  In the context of C.P.L.R. § 302(a)(1),
choice-of-law provisions are considered alongside other factors including defendants' ongoing contractual
relationship with New York, the place of contract negotiation and signing, and whether the contract prescribes
sending payment into New York.  *See id.*  But Yehuda does not allege any facts to support the existence of those
other factors.  Because a choice-of-law provision "standing alone would be insufficient to confer jurisdiction,"
*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (cleaned up), that provision does not confer personal
jurisdiction over any of the Defendants.

[5]     Yehuda also argues that the Court has personal jurisdiction over Zuchaer by suggesting that there is
"evidence of a conspiracy with his business partner, Jossef Kahlon, a citizen of New York."  Resp. at 15.  That
conclusory allegation is insufficient to confer personal jurisdiction over Zuchaer; there are no allegations in the
amended complaint that connect Kahlon to the underlying transaction at issue — the Control Agreement between
Yehuda and Zuchaer.

[6]     Yehuda does not argue that the PV Action confers personal jurisdiction over Z&Z Inc., which has no
connection to that action.  Without any allegations to support the assertion of personal jurisdiction over Z&Z Inc.,
Defendants' motion to dismiss as to Z&Z, Inc. is granted.

"A party's appearance as petitioner in one proceeding does not necessarily subject it to personal jurisdiction in another matter, even in the same court." *Gulf Ins. Co. v. Caldor Corp.*, No. 03-CV-2894, 2006 WL 1585671, at *3 (S.D.N.Y. Jun. 09, 2006).  Nonetheless, there are cases in which "the act of litigating in New York is sufficient to confer jurisdiction over subsequent, related actions." *Austin Envtl. Corp. v. Margarita Express, LLC*, No. 21-CV-4385, 2022 WL 1443356, at *7 (S.D.N.Y. May 06, 2022).  Therefore, the Court will assume without deciding that Zuchaer's initiation of the PV Action may be sufficient to satisfy the first element of long-arm jurisdiction: a business transaction.

But Yehuda has not alleged adequately that his claims arose from that business transaction, the second element of section 302(a)(1).  That element requires a "substantial nexus" between the transaction in New York and the cause of action.  *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.2d 158, 166 (2d Cir. 2005) (citation omitted).  For example, in *S.E.C. v. Softpoint*, the SEC sought to enforce a judgment entered in prior New York litigation against the same defendant.  The court found that the prior litigation conferred personal jurisdiction over the defendant in the pending lawsuit because the enforcement action arose "directly" from that prior litigation.  *S.E.C. v. Softpoint, Inc.*, No. 98-CV-2951, 2012 WL 1681167, at *3 (S.D.N.Y. May 09, 2012).  But where the relationship between the prior litigation and the claim is attenuated, prior litigation is insufficient to confer personal jurisdiction.  In *Austin Envtl. Corp. v. Margarita Express, LLC*, for example, a cross-complainant argued that the cross-defendant's prior lawsuit to enforce a judgment against a different party conferred personal jurisdiction over that cross-defendant.  *Austin*, 2022 WL 1443356 at *7.  Although both lawsuits concerned payments due as a result of the same highway accident, the court found that because the parties and the claims were "completely different," the "articulable nexus or substantial relationship" between the two lawsuits was "too attenuated" for a finding of personal jurisdiction.  *Id.*; *see also V&A*

*Collection, LLC v. Guzzini Props.*, No. 20-CV-1797, 2021 WL 982461 (S.D.N.Y. Mar. 15, 2021)

(finding that although the two lawsuits concerned the same agreement, the fact that the lawsuits

involved different defendants and claims involving different works of art meant that the

existence of the prior lawsuit was insufficient to confer personal jurisdiction).

      Here, the relationship between the two lawsuits is even more attenuated than the

relationships between the lawsuits in *Austin* and *V&A Collection*.  In *Austin*, the defendant in the

pending lawsuit had previously sued a third party; although the two lawsuits involved different

claims, they arose from a single occurrence.  In this case, Yehuda has brought an action against

Z&Z LLC (among others) for fraud and other claims; the prior lawsuit was brought by Z&Z LLC

against PV for alleged breach of a promissory note related to an entirely *different* business

transaction than the one that is at issue here.  *Compare* Am. Compl., Dkt. 15 *with* Z&Z LLC

Compl., Dkt. 26-1.[7]  Given the lack of a nexus between the two lawsuits, the mere fact that Z&Z

LLC previously brought a lawsuit against PV in New York is insufficient to confer personal

jurisdiction over Z&Z LLC in this action.

      Yehuda argues that the claims in the two lawsuits are related because "Z&Z LLC

purposefully availed itself of the privileges of conducting activities in New York by commencing

the [lawsuit against PV] . . . for the purpose of harvesting the fruits of the Zuchaer Defendants'

misappropriation of Yehuda's joint venture interests, distribution rights, and property."  Resp. at

10.  But even if Yehuda's allegation about the purpose of Z&Z LLC's lawsuit against PV were

not conclusory, it would not mean that the claims at issue in the two lawsuits are sufficiently

related to confer personal jurisdiction over Z&Z LLC.  Put another way, not only does the

---

[7]     The defendant in *V&A Collection* had filed a previous lawsuit that involved the same agreement but was against a different party.  *V&A Collection*, 2021 WL 982461 at *6.  The facts here are more attenuated: the PV Action touches on the agreement between Yehuda and Zuchaer that is at issue in this lawsuit only insofar as both agreements involve the same parcels of land.

current lawsuit involve different claims than those in the PV Action, the two lawsuits do not even derive from the same transaction.  PV was neither a party to the Control Agreement nor involved in any way in the transaction that forms the basis of this lawsuit.  Further, the underlying transaction with PV did not depend on the venture between Yehuda and Zuchaer: Zuchaer owned the Texas Properties before any agreement with Yehuda was made; he transferred the Texas Properties to Z&Z LLC;  Z&Z LLC sold them to PV; and Z&Z LLC commenced litigation in New York for PV's alleged breach of contract.  By comparison, the parties in the litigation in *Austin* were all involved in the same highway accident and the parties in *V&A Collection* were all involved in one agreement to purchase several pieces of art.

 In short, the fact that Z&Z LLC sued PV in New York is insufficient to confer personal jurisdiction over Defendants in this lawsuit pursuant to C.P.L.R. § 302(a)(1).[8]

Because the PV Action is the only basis asserted by Yehuda for this Court to exercise personal jurisdiction, and because that lawsuit is insufficient to confer personal jurisdiction over Defendants, the motion to dismiss for lack of personal jurisdiction is granted.

---

[8]      Because the PV Action cannot confer personal jurisdiction in this case, Yehuda's request for jurisdictional discovery related to the facts underlying the PV Action, *see* Resp., Dkt. 27 at 12–13, is denied.  Additionally, because there is no specific jurisdiction under C.P.L.R. § 302, the Court declines to reach the due process analysis.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED, and this case is DISMISSED without prejudice.

The Clerk of Court is respectfully directed to terminate all open motions and to close this case.


**SO ORDERED.**

**Date:  June 21, 2022**
      **New York, New York**

                                      **VALERIE CAPRONI**
                                   **United States District Judge**